IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRCT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| HEALTH DIAGNOSTIC LABORATORY, INC. | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 3:15-CV-030 ) |
| ROBERT BRADFORD JOHNSON, | ) ) |
| and | ) ) |
| F. CALHOUN DENT, III | ) ) |
| Defendants. | ) ) |

## CONSENT JUDGMENT

Plaintiff, Health Diagnostic Laboratory, Inc. ("HDL"), and Defendants Robert Bradford Johnson ("Johnson") and F. Calhoun Dent, III ("Dent"), by counsel, have represented that the issues between the parties with respect to the matters raised by HDL in its Complaint have been resolved and the parties consent to an order enforcing certain terms of the Shareholders Agreement of Health Diagnostic Laboratory, Inc. and permanently enjoining Defendants, for a period of one year following Defendants' relinquishment of all ownership interest in HDL from (i) competing with HDL; (ii) soliciting or providing services to, directly or indirectly, any client or customer of HDL; and (iii) inducing any client or customer of HDL to terminate its relationship with HDL, or causing or attempting to cause any person to cease referring business or clients to HDL. Pursuant to the consent of the parties, the Court finds, in part, as follows: HDL and BlueWave Healthcare Consultants, Inc. ("BlueWave") entered into a Sales Agreement dated January 4, 2010, but signed by BlueWave on April 2, 2010 and HDL on

April 5, 2010. Johnson and Dent executed the Sales Agreement on April 3, 2010 and, pursuant to Section 4(d) of the Sales Agreement, they executed a Second Amendment to the Shareholders Agreement of HDL on April 12, 2010 and HDL issued them each 29.4 shares of HDL stock. The Shareholders Agreement of HDL contains noncompetition and nonsolicitation covenants. The Court finds the noncompetition and nonsolicitation covenants in the Shareholders Agreement to be enforceable. Finding good reason to do so, the Court enters the following judgment:

(1) Defendants, either acting individually or on behalf of or through any entity, including BlueWave, are permanently enjoined, for so long as they are shareholders of HDL and for one year following relinquishment of any ownership interest in HDL from:

(i) competing with HDL by engaging in the business of marketing, selling or distributing on behalf of themselves or any other company advanced laboratory testing for cardiovascular disease or diabetes ("Laboratory Testing") throughout the United States;

(ii) soliciting or providing Laboratory Testing services to any client or customer of HDL; and

(iii) inducing any client or customer of HDL to terminate its relationship with HDL, or causing or attempting to cause any person to cease referring business or clients to HDL.

(2) Each party shall bear their own costs and attorneys' fees.

(3) The Clerk is directed to close this case and place it among the ended causes.

It is so ORDERED.

/s/ *REP*

Richmond, Virginia
Date: April 2, 2015
4:30 pm

Robert E. Payne
Senior United States District Judge

2